IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DEURSLA LASHAY BARRON                                              PLAINTIFF

v.                                    3:20-cv-00198-DPM-JJV

ANTHONY CARTER, Doctor; and
STEVE RAYMOND, Nurse,
Craighead County Detention Center                                 DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Judge D.P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

### I.   INTRODUCTION

Deursla Lashay Barron ("Plaintiff") is a pretrial detainee in the Craighead County Detention Facility.   She has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated her constitutional rights.  (Doc. No. 2.)   After careful review of Plaintiff's Complaint, I find it should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act ("PLRA") requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  PLAINTIFF'S COMPLAINT

Plaintiff says that Defendant Nurse Steve Raymond told her that she could have her blood pressure checked for seven days without any charge. (Doc. No. 2.) After doing so, Defendant Dr. Anthony Carter ordered, without Plaintiff's knowledge, that she received one blood pressure pill a day. Plaintiff refused to take the medication because she disagreed with the diagnosis. She believes her constitutional rights were violated because money was withdrawn from her inmate trust account as payment for the medication. She also says Officer Sandy Edwards, who has not been named as a Defendant, has yelled at her for not taking the medication and discussed it in the presence of other detainees. For the following reasons, I conclude Plaintiff has failed to plead a plausible § 1983 claim.

Pretrial detainees have a constitutional right to receive adequate medical care. *Johnson v. Todd*, 929 F.3d 569, 575 (8th Cir. 2018), *Barton v. Taber*, 908 F.3d 1119, 1123–24 (8th Cir. 2018). But, the bar for pleading a viable § 1983 inadequate medical care claim is high. Specifically, the Complaint must contain facts suggesting Plaintiff had an objectively serious need for medical care, and Defendants subjectively knew of, but deliberately disregarded, that serious

medical need. *Id.* Plaintiff says she does not have an objective medical need for blood pressure medication. Her disagreement with Defendants' determination, in their professional medical opinion, that she should take that mediation is insufficient to state a deliberate indifference claim. *Barr v. Pearson,* 909 F.3d 919, 921-22 (8th Cir. 2018) (a prisoner's disagreement with the prescribed course of medical care does not establish deliberate indifference); *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010) (negligent and even grossly negligent conduct are insufficient to sustain a § 1983 inadequate medical claim). Thus, Plaintiff has not pled a plausible § 1983 inadequate medical care claim.

Second, Plaintiff says Defendants violated her constitutional rights by wrongfully taking money out of her inmate trust account for a medication she did not want. A prisoner cannot bring a § 1983 due process claim for the intentional or negligent loss of his personal property, as long as the State provides a post-deprivation remedy to address the property loss. *See Hudson v. Palmer*, 468 U.S. 517, 533-6 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981). Plaintiff can seek reimbursement for the funds she believes Defendants wrongfully withdrew from her account by filing a conversion action against them in state court. Because she has that adequate post-deprivation remedy available to her, Plaintiff has not pled a plausible due process violation. *See Bausley v. Dugan*, Case No. 04-2642, 2004 WL 2291373 (8th Cir. Oct. 13, 2004) (unpublished decision); *Carniglia v. Dearmon*, Case No. 01-1852, 2001 WL 878347 (8th Cir. Aug. 6, 2001) (unpublished decision)

Finally, Plaintiff alleges Officer Edwards yelled at her, criticized her, and embarrassed her for refusing to take the blood pressure medication. Such behavior, while insensitive and unprofessional, does not rise to the level of a constitutional violation. *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 759 (8th Cir. 2001); *Lewis v. Jacks,* 486 F.3d 1025, 1028 (8th Cir.

2007). And, while Officer Edwards should not have discussed Plaintiff's medical condition in the presence of other detainees, there is no private right of action under the Health Insurance Portability and Accountability Act (HIPPA) for medical privacy violations. *Dodd v. Jones,* 623 F.3d 563, 569 (8th Cir. 2010). For these reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.

## IV.  CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.  Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failing to state a claim upon which relief may be granted.

2.  Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 23rd day of July 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."